IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-cv-00017-BO

| | |
|---|---|
| DUANE MINNICK,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF CURRITUCK, KNOTT'S ISLAND VOLUNTEER FIRE DEPARTMENT, CRAWFORD TOWNSHIP VOLUNTEER FIRE DEPARTMENT, INC., DAVID F. SCANLON, II, *named in his individual and representative capacities*, MICHAEL CARTER, *named in his individual and representative capacities*, TERRY KING, *named in his individual and representative capacities*, JERIT VAN AUKER, *named in his individual and representative capacities*, and CHRIS DAILEY, *named in his individual and representative capacities*,<br><br>    Defendants. | **ORDER ON BILL OF COSTS** |

On May 14, 2012, the court granted defendants' motion for summary judgment [D.E. 116], and judgment was entered in favor of defendants [D.E. 117]. On May 29, 2012, defendants Michael Carter, County of Currituck, and David F. Scanlon, II (collectively, the "county defendants") filed a motion for bill of costs [D.E. 118], which was supported by affidavit, receipts, and invoices. On June 12, 2012, plaintiff filed a motion for disallowance of the county defendants' bill of costs [D.E. 119]. On June 19, 2012, the county defendants filed a response to plaintiff's motion [D.E. 123], which was supported by supplemental affidavit and a memorandum of law [D.E. 124]. The matter is now ripe for determination.

The county defendants seek costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure

and Local Civil Rule 54.1 as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

The county defendants originally requested that a total of $8,674.93, which consisted of $5,601.25 in transcript costs and $3,073.68 in copying costs, be taxed against plaintiff. Bill of Costs at 1 [D.E. 118]. Plaintiff specifically objected (1) that the county defendants failed to prove that the "copies are necessarily obtained for use in the case," as required by 28 U.S.C. § 1920(4); (2) that postage and handling fees of the court reporter are not taxable costs under 28 U.S.C. § 1920 or the local rules; and (3) that the cost of both a video copy and transcribed copy of a deposition are not generally recoverable. Pl.'s Mot. for Disallowance at 1-2 [D.E. 119-1]. In response, the county defendants provided a supplemental affidavit specifying that the copy costs were necessary to the defense of the case and included reasonable expenses for responding to document requests and preparing for thirteen depositions. Supplemental Aff. of Jacqueline Terry Hughes ¶¶ 2-3 [D.E. 123-1]. They also asserted that Judge Boyle had previously awarded as costs the postage and handling fees associated with depositions, citing Ray Commc'ns., Inc. v. Clear Channel Commc'ns., No. 2:08-cv-24-BO, 2011 WL 3207805, at *4 (E.D.N.C. July 26, 2011). Defs.' Mem. in Supp. at 3 [D.E. 124]. The county defendants withdrew their request for $200.00 in videography costs. Id. at 3-4.

I.  **Copy Costs**

The county defendants seek $3,073.68 in copy costs. "Fees for exemplification and the costs

of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at * 3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir.1999)). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs., Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D.Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

The county defendants initially submitted a list of copy charges by date with no indication of what documents were copied or for what purpose. See Aff. Of Costs Incurred at 14-19 [D.E. 118-1]. Lead counsel for the county defendants subsequently submitted a sworn supplemental affidavit stating that the requested copying costs were for documents "reasonably necessary to the defense of this case," which included thousands of pages associated with discovery and hundreds of pages in preparation for the thirteen depositions taken in this case. See Supplemental Hughes Aff. ¶¶ 2-3. However, what number of the 30,682 copies fall into these specified categories is still unknown. Further, without some detail as to the purpose of the remaining copies, there is no way to evaluate whether they were "necessarily obtained for use in the case," as required by § 1920(4), and were made for allowable purposes, not merely for the convenience of counsel. Neither the statute nor the federal or local rules require that the subject matter and use for each and every document copied be

3

identified, see 28 U.S.C. § 1920(4); Fed. R. Civ. P. 54(d)(1); Local Civil Rule 54.1, although it is noteworthy that such specificity is routinely provided by applicants for costs in this district. Nevertheless, in the present case greater specificity is necessary for plaintiffs to satisfy their burden under 28 U.S.C. § 1920(4). Accordingly, the county defendants' request for copy costs is denied without prejudice. A supplemental request for copy costs may be filed within 14 days from the date of this order, and a failure to do so will constitute a waiver of such costs.

## II.  Transcript Postage and Handling Fees

The county defendants seek $5,601.25 in deposition transcript costs. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Plaintiff's objection is limited to the postage and handling fees of the court reporter. However, Judge Boyle has previously ruled that such fees are taxable costs. See Ray Commc'ns., 2011 WL 3207805, at *4 ("Costs for handling and delivery of deposition transcripts are reasonable under 28 U.S.C. § 1920(2)[.]"). The county defendants withdrew their request for $200.00 in videography costs. Accordingly, the county defendants are awarded $5,401.25 in deposition transcript costs.

## CONCLUSION

In summary, as the prevailing party and pursuant to 28 U.S.C. § 1920, the county defendants are awarded $5,401.25 in deposition and transcript costs and shall have 14 days from the date of this order to file a supplemental request for copy costs. Total costs in the amount of $5,401.25 are taxed against plaintiff Duane Minnick and shall be included in the judgment. All other requests not

4

referenced in this summary are disallowed.

SO ORDERED. This 25th day of January 2013.

*Julie A. Richards*
Julie A. Richards
Clerk of Court

5