IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-cv-00017-BO

| | |
|---|---|
| DUANE MINNICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>COUNTY OF CURRITUCK, KNOTT'S ISLAND )<br>VOLUNTEER FIRE DEPARTMENT, )<br>CRAWFORD TOWNSHIP VOLUNTEER )<br>FIRE DEPARTMENT, INC., DAVID F. )<br>SCANLON, II, *named in his individual and* )<br>*representative capacities*, MICHAEL CARTER, )<br>*named in his individual and representative* )<br>*capacities*, TERRY KING, *named in his individual* )<br>*and representative capacities*, JERIT VAN )<br>AUKER, *named in his individual and* )<br>*representative capacities*, and CHRIS DAILEY, )<br>*named in his individual and representative* )<br>*capacities*, )<br>)<br>Defendants. ) | **ORDER ON SUPPLEMENTAL<br>BILL OF COSTS** |

This matter is before the undersigned on the supplemental motion for bill of costs [D.E. 127, 128] of defendants Michael Carter, County of Currituck, and David F. Scanlon, II (collectively, the "county defendants"). Plaintiff did not respond, and the matter is ripe for determination.

On January 25, 2013, the undersigned granted in part defendants' motion for bill of costs and taxed $5,401.25 against plaintiff [D.E. 126]. Additionally, defendants were allowed 14 days to file a properly supported supplemental request for copy costs, which was timely filed. In the supplemental request, the county defendants seek $193.32 in copy costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides

otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at * 3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir.1999)). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs., Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D.Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

The county defendants' counsel has submitted an affidavit in support of the motion, which specifies that they seek reimbursement only for the cost of copies furnished to the court as courtesy copies or to opposing counsel and explains the method by which they calculated the cost. See Suppl. Aff. of Jacqueline Terry Hughes ¶¶ 3-6. The county defendants have well-satisfied their burden under § 1920 to demonstrate that the copies were necessarily obtained for use in the case. Accordingly, the $193.32 in copy costs are allowable.

## CONCLUSION

In summary, as the prevailing party and pursuant to 28 U.S.C. § 1920, the county defendants' supplemental motion for bill of costs [D.E. 127, 128] is GRANTED, and the county defendants are awarded $193.32 in copy costs, which are taxed against plaintiff Duane Minnick and shall be included in the judgment along with the $5,401.25 in costs previously taxed.

SO ORDERED. This 8th day of April 2013.

Julie A. Richards
Clerk of Court

3